## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 25 2018, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Masse
Merrillville, Indiana

ATTORNEYS FOR APPELLEE
STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.

Crystal G. Rowe
Alyssa C.B. Cochran
Kightlinger & Gray, LLP
New Albany, Indiana

John H. Halstead
Kightlinger & Gray, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kayla Owens,

*Appellant-Plaintiff,*

v.

Amanda Caudillo and State Farm Mutual Automobile Insurance Co.,

*Appellees-Plaintiffs*

October 25, 2018

Court of Appeals Case No.
45A05-1712-CT-2934

Appeal from the Lake Superior Court

The Honorable William E. Davis, Judge

Trial Court Cause No.
45D05-1304-CT-65

**Baker, Judge.**

Kayla Owens has filed a petition for rehearing with respect to this Court's original opinion in this case. *Owens v. Caudillo*, No. 45A05-1712-CT-2934 (Ind. Ct. App. Aug. 2, 2018). On rehearing, she raises two issues: (1) this Court erred in concluding that Owens had failed to make a prima facie case on her claim for uninsured motorist benefits; and (2) this Court should have found that the trial court erred by denying Owens's motion to reopen the evidence after her attorney inadvertently rested. We grant rehearing in part to address Owens's second argument, and we reach a different result this time.

After the parties rested their cases, Owens's attorney realized that a small, but vital, portion of evidence had been inadvertently omitted. Counsel requested that the evidence be reopened so that a brief series of questions could be asked of State Farm's corporate representative. Owens's brief on rehearing provides examples of possible questions that would have been asked:

> Q. Did you conduct an investigation to determine whether or not the Defendant, Amanda Caudillo, was in fact uninsured? The expected answer would be yes.
>
> Q. Upon finding that Ms. Caudillo was an uninsured motorist, did this finding lead you to pay out money on an uninsured motorist claim to Cierra Charbonneau in another Lake County, Indiana, matter titled *Cierra Charbonneau v. Amanda Caudillo and State Farm Mutual Automobile Ins. Co.*, filed under cause number 45D11-1305-CT-00083? The expected answer is yes.
>
> Q. And was Ms. Charbonneau's claim paid by State Farm Insurance under precisely the same policy of insurance for the

same automobile accident as in Ms. Owens' case? Again the expected answer would be in the affirmative.

Q.     And based on this determination that Ms. Caudillo was uninsured, did you hire counsel to take up the defense of Ms. Caudillo in this action on behalf of State Farm's interests pursuant to the uninsured motorist provisions of Ms. Owens' own automobile policy? The answer here must be yes.

Appellant's Br. on Reh. p. 7-8. Had Owens been permitted to reopen the evidence, she could have established that Caudillo was uninsured and that State Farm itself had acknowledged that fact in another claim stemming from the very same accident.[1]

[3]     It is undeniable that Owens's attorney made a disastrous mistake by resting before ensuring that this crucial evidence had been admitted. It is likewise undeniable that it would have been eminently reasonable for the trial court to firmly chastise counsel for the error. All of that said, however, the jury was still empaneled and the evidence to be introduced was extremely limited and specific. Reopening the evidence would have caused no prejudice to State

---

[1] State Farm argues that this evidence would not have conclusively established that Caudillo is uninsured. Appellee's Br. on Reh. p. 7. We are not persuaded by this argument. In our view, evidence that State Farm itself had acknowledged Caudillo as uninsured in another claim stemming from the same accident is compelling evidence indeed that she was uninsured. If nothing else, it is sufficiently persuasive that it should have been before the jury as it made its determination.

Farm, nor would it have caused confusion or inconvenience to the trial court or the jury.

[4] The result in this case was an unearned $170,000 windfall to State Farm stemming from an inadvertent attorney error that could have been easily and quickly remedied. We agree with Owens that this outcome defies traditional notions of substantial justice and fair play. Under these circumstances, we can only conclude that the trial court erred by denying Owens's motion to reopen the evidence. Therefore, we reverse and remand for further proceedings.

Kirsch, J., concurs.
Bradford, J., dissents with separate opinion.

| | |
|---|---|
| Kayla Owens,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Amanda Caudillo and State Farm Mutual Automobile Insurance Co.,<br><br>*Appellees-Defendants.* | Court of Appeals Case No.<br>45A05-1712-CT-2934 |

**Bradford, Judge, dissenting.**

I respectfully dissent from the majority's decision on rehearing and, based on the reasoning included in the memorandum decision issued on August 2, 2018, would vote to deny rehearing.